IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL A. JACKSON,**

    **Plaintiff,**

    **v.**

                                      Civil Action 2:14-cv-988
                                      Judge Michael H. Watson
                                      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Michael A. Jackson, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 12), Plaintiff's Reply (ECF No. 13), and the administrative record (ECF No. 9). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I. BACKGROUND

In his Statement of Errors, Plaintiff advances a sole error, namely that the Commissioner failed to carry her burden of establishing that there is other work in the national economy that Plaintiff could perform. More specifically, Plaintiff submits that the ALJ's erroneously relied upon testimony from the vocational expert that conflicts with the Dictionary of Occupational Titles ("DOT") without first resolving the conflict. The Undersigned limits her discussion to evidence bearing on the sole contention of error Plaintiff raises in his Statement of Errors.

Plaintiff filed his application for Disability Insurance Benefits and Supplemental Security Income on April 18, 2011. (R. at 274–90.) Plaintiff's application was denied initially and upon reconsideration. (R. at 164–70, 174–87.) Plaintiff sought a *de novo* hearing before an administrative law judge. Administrative Law Judge Patricia D. Yonushonis ("ALJ") held a hearing on November 19, 2012, at which Plaintiff, represented by counsel, appeared and testified. (R. at 29–83.)

A vocational expert, Richard P. Oestreich, Ph.D. ("VE"), appeared and testified at the hearing. At the hearing, the ALJ posed questions to the VE concerning a hypothetical individual with Plaintiff's age, education, past relevant work, and the residual functional capacity ("RFC") she ultimately found in her decision, which included a limitation to only "occasional out front and over-head reaching with [his] left arm," as well as an inability to "engage in repetitive fine manipulation with [his] left hand [and] repetitive pushing or pulling with [his] left arm." (R. at 16, 77–80.) The VE testified that Plaintiff did not have any past relevant work. (R. at 77.) The VE further testified that the hypothetical individual could perform approximately 5,000 sedentary jobs in the local economy. The VE offered the three following exemplary jobs, further

indicating that 250 jobs for each example existed in the local economy: inspector (DOT code 726.684-110); assembler (DOT code 726.685.066); and packager (DOT code 726.687-030). (R. at 80–81.) Upon cross-examination, the VE testified that his testimony was consistent with the DOT. (*Id.*)

On November 19, 2012, the same day as the hearing, Plaintiff's counsel pointed out in post-hearing correspondence to the ALJ that the VE's assertion that his testimony was consistent with the DOT was incorrect. (R. at 376–82.) More specifically, Plaintiff's counsel informed the ALJ that given the RFC limitations relating to Plaintiff's left hand and extremity, two of the three jobs the VE identified could not be performed as they were described in the DOT. Plaintiff's counsel attached excerpts from the DOT for each of the occupations at issue and explained that these occupations required "frequent" and "constant" reaching even though the RFC limited Plaintiff to only occasional reaching. (R. at 376.) Plaintiff's counsel asserted that the ALJ therefore could not rely upon the VE's testimony and that she needed to resolve the conflict. (R. at 376–77.)

On March 27, 2013, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 12–23.) In reaching this decision, the ALJ relied upon the VE's testimony to conclude that jobs exist in significant numbers in the national economy that Plaintiff can perform, reasoning as follows:

> Pursuant to [Social Security Ruling 00-4p], the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the DOT.
>
> \*     \*     \*
>
> Additionally, [Plaintiff's] attorney argued in a post-hearing brief that [Plaintiff's] residual functional capacity precludes the performance of inspector and

3

>packager as identified by Dr. Oestreich.  Even if [Plaintiff's] residual functional capacity does not allow for the performance of these occupations, Dr. Oestreich opined that [Plaintiff] is capable of performing 50 percent of unskilled sedentary work.  He testified that there are 5,000 of these jobs in the Columbus metropolitan area.  The jobs he identified were examples of jobs that [Plaintiff] could perform, and are not an exhaustive list of [Plaintiff's] potential job titles.
>
>According to *Hall v. Bowen*[, 837 F.2d 272 (6th Cir. 1988)], the determination of what constitutes significant numbers should ultimately be left to the Administrative Law Judge's common sense in weighing the statutory language applied to a particular claimant's situation.  There is no one special number that is the boundary between "significant number" and an insignificant number of jobs.  Thus, the undersigned finds that the 5,000 unskilled, sedentary jobs cited by Dr. Ostreich constitute a significant number of jobs existing in the economy within the parameters of *Hall v. Bowen*.

(R. at 22–23 (internal citations to the record omitted).)

Subsequent to this decision, on May 17, 2013, Plaintiff's counsel sent correspondence to the Appeals Council asserting that the ALJ's step-five determination was not supported by substantial evidence given that she failed to resolve an identified conflict between the VE's testimony and the DOT.  (R. at 383–84.)  Plaintiff requested remand to resolve the conflict.  The Appeals Council denied Plaintiff's request for review by way of a Notice of Appeals Council Action issued on May 28, 2013, and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1–6.)  Plaintiff then timely commenced the instant action.

As set forth above, in his Statement of Errors, Plaintiff challenges the ALJ's reliance on the VE's testimony in view of the identified but unresolved conflict with the DOT.  Plaintiff asks the Court to remand this case with instructions for the ALJ to elicit a reasonable explanation for the conflict and also an explanation of the decision of how the conflict was resolved.  In her Memorandum in Opposition, the Commissioner asserts that the ALJ's reliance on the VE's testimony was proper given that no conflicts were identified during the hearing.  The

Commissioner alternatively submits that the ALJ's reliance upon the VE's testimony was proper given that Plaintiff did not challenge the assembler occupation that the VE identified. Citing the VE's testimony that 250 assembler jobs exist in the local economy, the Commissioner argues that the assembler occupation exists " in significant number in the national economy." (Mem. in Opp. 6, ECF No. 12.)

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.

1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.  ANALYSIS

The sole issue before the Court is whether is whether the ALJ erroneously relied upon the VE's testimony such that she failed to carry her burden at step five of the sequential evaluation to establish that other work exists in the national economy that Plaintiff can perform.[1]

As a threshold matter, the Undersigned agrees with Plaintiff, that with respect to exemplary occupations of inspector and packager the VE identified, the testimony of the VE was inconsistent with and conflicted with information contained in the DOT.  As Plaintiff correctly

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

explained in his post-hearing correspondence to the ALJ, the occupation cited by the VE as "inspector," with DOT code 726.684-110, is identified as "Touch-Up Screener, Printed Circuit Board Assembly" in the DOT and requires frequent reaching, handling, and fingering.  The occupation cited by the VE as "packager," with DOT code 726.687.303, is identified as "Loader, Semiconductor Dies" in the DOT and requires constant reaching, handling, and fingering.  The ALJ, however, determined that Plaintiff was limited to only "*occasional* out front and over-head reaching with [his] left arm," as well as an inability to "engage in repetitive fine manipulation with [his] left hand [and] repetitive pushing or pulling with [his] left arm."  (R. at 16 (emphasis added).)

The Undersigned finds that the ALJ did not violate her affirmative duty to identify conflicts.  Social Security Ruling 00–4p instructs that the ALJ "has an affirmative responsibility to ask about any possible conflict between the VE . . . evidence and information provided in the DOT."  SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).  "In the Sixth Circuit, the ALJ's duty is satisfied if he or she asks the VE whether his or her testimony is consistent with the DOT.  *Johnson v. Comm'r of Soc. Sec.*, 535 F. A'ppx 498, 508 (6th Cir. 2013) (citing *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).  The ALJ's duty to inquire about possible conflicts is also satisfied where, as here, the claimant's counsel inquired at the hearing about possible conflicts.  *Johnson*, 535 F. App'x at 508 (claimant's counsel's examination of VE about conflicts satisfied the ALJ's affirmative duty to identify conflicts).

The ALJ did, however, erroneously violate her affirmative duty to explain in her decision how she resolved the conflicts Plaintiff's counsel brought to her attention.  Social Security

7

Ruling 00–4p sets forth the ALJ's responsibilities in explaining the resolution of a conflict as follows:

> *Explaining the Resolution*
>
> When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled.  The adjudicator will explain in the determination or decision how she resolved the conflict.  The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

SSR 00–4p, 2000 WL 1898704, at *4.  Here, as set forth above, in a post-hearing brief filed on the very same day as the hearing, Plaintiff's counsel highlighted the conflicts between the VE's testimony and the DOT.  Although the ALJ properly acknowledged the potential conflicts Plaintiff's counsel raised, she failed to offer any explanation of how she resolved the conflicts.  Instead, the ALJ incorrectly stated in a conclusory fashion that the VE's testimony is "consistent with the information contained in the DOT."  (R. at 22.)  The ALJ further appeared to posit that any error in the VE's testimony was harmless in view of the VE's testimony that Plaintiff is capable of performing 5,000 unskilled, sedentary jobs in the local economy.  (R. at 22–23.)

The Undersigned concludes that the ALJ's failure to resolve the identified conflicts was not harmless.  The ALJ's reliance upon the VE's testimony that 5,000 jobs exist was improper because that testimony is rendered unreliable in view of the unresolved conflicts relating to the representative jobs of inspector and packager.  Perhaps recognizing this, the Commissioner offers a different theory of why any error is harmless, namely, that the remaining, unchallenged assembler job exists in significant numbers.  The flaw in this argument is that the ALJ made no such determination in her decision.  In *Hall v. Bowen*, the Sixth Circuit made clear that the issue

8

of what constitutes a "significant number" requires an ALJ to consider a variety of factors within the context of each case:

> We are not blind, however, to the difficult task of enumerating exactly what constitutes a "significant number." We know that we cannot set forth one special number which is to be the boundary between a "significant number" and an insignificant number of jobs. The figure that the ALJ here found is not that magic number; the 1350 figure is to be viewed in the context of this case only. A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

839 F.3d at 275. In this case, the ALJ did not make any determination as to whether the 250 assembler positions the VE identified constituted a significant number of jobs. Thus, the Commissioner's assertion the ALJ properly relied on the VE's testimony in view of the unchallenged assembler jobs is unpersuasive.

The Commissioner's alternative contention, that the ALJ was not required to resolve any conflicts, is equally unavailing. The Commissioner correctly points out that SSR 00-4p does not require an ALJ to independently investigate a VE's testimony when the VE does not identify a conflict between his testimony and the DOT. *Martin*, 170 F. App'x at 374 ("Nothing in SSR 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct."). But as explained above, the error here is not the ALJ's failure to investigate whether any conflicts existed, but rather her failure to address the conflicts that Plaintiff brought to her attention. *See* SSR 00–4p, 2000 WL 1898704, at *4 ("The adjudicator must explain the resolution of the conflict *irrespective of how the conflict was identified*." (emphasis added).); *Johnstone v. Astrue*, 843 F.Supp.2d 962, 979–80 (E.D.

9

Wisc. 2012) (reversing ALJ's decision on the grounds that the ALJ improperly relied upon the VE's testimony where the ALJ failed to address the inconsistencies between the VE's testimony and the DOT that the claimant had identified in a post-hearing brief).  The case upon which Plaintiff relies is distinguishable because the claimant failed to bring the conflict to the ALJ's attention until *after* the ALJ rendered the decision.  *See Martin*, 170 F. App'x at 374 ("Martin did not bring this discrepancy to the ALJ's attention, and first raised the issue that a conflict existed upon filing her brief in the district court. . . .  Because Martin did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved."); *see also Bleinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) (declining to reverse based upon alleged inconsistencies that "went unchallenged by the plaintiff until after the ALJ issued his decision").

In sum, the Undersigned finds that the ALJ erred in relying upon the VE's testimony without addressing the conflicts Plaintiff identified in his post-hearing brief.  Given that the ALJ failed to made a determination of whether the remaining, unchallenged job of assembler existed in significant numbers, her error cannot be considered harmless.  The ALJ therefore failed to carry her burden at step five of the sequential evaluation to establish that other work exists in the national economy that Plaintiff can perform.  Thus, it is **RECOMMENDED** that the Court **REMAND** this case for further consideration to the Commissioner and the ALJ under Sentence Four of § 405(g).

### IV.  CONCLUSION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g).

Accordingly, the Undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## V.   PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: June 1, 2015                                    /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge